## SMITH *v.* GULF REFINING COMPANY *et al.*

Where one who was the owner of a certain lot of land and the structures thereon, which was equipped with the necessary tanks and other materials requisite for the purpose of handling and selling at retail the products of a named oil company, sold and conveyed the lot to another party and inserted in the writing the following stipulation, to wit: "It is agreed with the parties hereto that the said J. F. Posey [the grantee] is to use the Standard Oil Co. gas and oil as long as the said G. C. Smith [the grantor] acts as agent for said company and the prices of same are in accord with other gasoline and oils," the clause quoted, construed in the light of the other facts in the record and the intention of the parties to the deed, amounted to a covenant running with the land. And where the grantee in the conveyance referred to above conveyed to a third party the same property, but omitted from his deed of conveyance all reference to the covenant and condition in the deed from the first grantor, nevertheless the covenant, being one running with the land, was binding upon the last grantee, and the first grantor may maintain a suit for injunction to prevent the violation of the covenant under the circumstances alleged in the petition.

No. 5154.  APRIL 17, 1926.  REHEARING DENIED SEPTEMBER 22, 1926.

Petition for injunction.  Before Judge Mathews.  Taylor superior court.  October 31, 1925.

*Jere M. Moore,* for plaintiff.  *C. W. Foy,* for defendants.

BECK, P. J.  G. C. Smith brought his equitable petition against the Gulf Refining Company, a foreign corporation.  It appears from the petition that the plaintiff was the holder of a lease of certain real estate in the Town of Butler, Georgia, for a term of twenty-five years, which the Town of Butler had executed to petitioner; that the latter erected on the lot of land, the subject of

the lease, a building and equipped the same with tanks and other necessary material and implements for the purpose of handling the products of the Standard Oil Company, and did operate the place of business for the purpose of selling at retail and handling the products of that company. Subsequently plaintiff sold the building and equipment to J. F. Posey, and transferred to him the lease executed by the Town of Butler; and the instrument conveying the premises sold to the purchaser contains the following stipulation: "It is agreed with the parties hereto that the said J. F. Posey is to use the Standard Oil Co. gas and oil as long as the said G. C. Smith acts as agent for said company and the prices of same are in accord with other gasoline and oils." This instrument also contains the warranty clause usual in deeds. About a year later, that is, on the 8th day of October, 1925, Posey executed a deed conveying "the filling station building located on the lot leased by the City of Butler to G. C. Smith and Ira Chambers, and transferred by G. C. Smith to J. F. Posey, said lease being this day transferred by said J. F. Posey to Gulf Refining Company, together with one air outfit, one cash register, and one three-compartment oil tank." This last conveyance did not contain the stipulation that only the products of the Standard Oil Company should be sold on the premises, nor any similar stipulation; and it is alleged in the petition that almost immediately after the execution of the conveyance from Posey to the Gulf Refining Company the latter company began removing the tanks of the Standard Oil Company which were upon the premises when Smith executed the conveyance to Posey, and is replacing the same with gas tanks of their own, and have ceased to use the products of the Standard Oil Company according to the stipulations in the conveyance from Smith to Posey. It is alleged that petitioner had tendered to J. F. Posey and the Gulf Refining Company the sum of $1500, which was paid to him "as part of the consideration for said transfer, which they declined and refused to accept," and petitioner is ready to pay that sum upon the cancellation of the said deed. In an amendment to his petition Smith alleges that he is still the agent of the Standard Oil Company at that place, Butler, Georgia, and that he is employed "on a commission basis, being compensated according to the amount of goods sold, and that to allow the Gulf Refining Company to conduct said

business would injure and damage petitioner in a large sum, etc.; . . that he is unable to say what the sales at that station would be, can not ascertain what his commissions would amount to, and that his loss would be irreparable." The prayers of the petition are for a decree cancelling the deed from Smith to Posey upon the payment by petitioner of the sum of $1500; and that the Gulf Refining Company be enjoined from removing the tanks and other property and from putting in tanks and other pumps of their own, and from selling upon the premises in question other products than those of the Standard Oil Company. A temporary restraining order was granted upon the filing of this petition. The defendants at the hearing made an oral motion to dissolve the temporary restraining order theretofore passed.

No answer seems to have been filed by the defendants, and no evidence was submitted at the hearing, and the court had for consideration the case as made by the allegations contained in the petition. After argument of counsel, the judge before whom the hearing was had passed an order dissolving the restraining order and denied the injunction prayed. This was excepted to upon the ground that the judge erred in refusing the injunction.

In the conveyance from Smith to Posey, the latter being the grantor of the defendant in this case, is to be found this stipulation, referred to by the parties as an "agreement," to wit: "It is agreed with the parties hereto that the said J. F. Posey is to use the Standard Oil Co. gas and oil as long as the said G. C. Smith acts as agent for said company and the prices of same are in accord with other gasoline and oils." Counsel for defendants insist that the clause in the deed which we have just quoted is a covenant, but contends that "it is a personal covenant binding only Smith and Posey;" that it is not a covenant real, that is, a covenant running with the land, and that the defendant, holding under Posey by virtue of the deed from the latter which contained no such covenant, took and holds this property independently of the obligation which would have been imposed had the covenant been one running with the land. The judge hearing the case refused the injunction, whether upon the ground that the clause in the deed referred to was not a covenant, or, if it was, it was a mere personal covenant and not a covenant running with the land, we do not know. If it is not a covenant, or if it is merely

a personal covenant binding upon Posey and not upon his vendees, in the absence of any similar clause in the conveyance which he executed to his transferees, then the judgment of the court below was right. But if it is a real covenant, then it was binding upon Posey and his privies, upon his grantee, the defendant in this case, although the latter received a conveyance from Posey free from any such written stipulation or condition. Under the view that we take of the case, the question to decide is, whether this covenant is a real covenant; and after consideration we have concluded that it is. Of course the determination of a question of the character indicated is usually one of some difficulty. It is not difficult to find definitions of the expression "real covenant;" those can be found in any standard work on real property, and many definitions have been given or restated and approved in decisions of this court where the question we have before us was involved in the case. Counsel for plaintiff in error has selected this definition or statement of the rule: "Covenants, in order to run with the land, must, however, relate to the interest or estate, so that their performance or non-performance will affect the quality, value, or mode of enjoyment of the estate." This was taken from 8 Am. & Eng. Enc. L. 139, and applied by Presiding Justice Cobb in the case of *A., K. & N. Ry. Co.* v. *McKinney,* 124 *Ga.* 929 (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. R. 215). This and similar definitions, as the writer of the opinion in that case pointed out, are founded directly upon Spencer's case, 5 Coke, 16, or upon authorities derived therefrom; and one of the rules laid down in the Spencer case is as follows: "When the covenant extends to a thing in esse, parcel of the demise, the thing to be done by force of the covenant is quodammodo annexed and appurtenant to the thing demised, and shall go with the land and shall bind the assignee although he be not bound by express words; but when the covenant extends to a thing which is not in being at the time the demise is made, it can not be appurtenant or annexed to the thing which hath no being." Applying the rule here stated, it being itself in the nature of a definition, to the facts of the present case, we have reached the conclusion announced above. It is recognized that "covenants are to be construed so as to carry into effect the intention of the parties, which is to be collected from the whole instrument and from the circumstances sur-

rounding its execution." *A., K. & N. Ry. Co.* v. *McKinney,* supra. It was plainly the intention of the parties that the premises in dispute here should be used merely as an oil-filling station, and that only the products of the Standard Oil Company were to be retailed at that station so long as Smith should be the agent for the last-mentioned company. It was not objected to this clause in the covenant that it was void for indefiniteness or for any other reason, but it is insisted that it was merely a collateral or personal covenant. But in our opinion it relates directly to the interest in the property conveyed and the mode of the enjoyment of the estate. It has a relation to the interest or estate granted and the acts to be done concerning the interest created or conveyed. Evidently the intention of the parties to the deed was that for the term specified the products of a certain company should be sold there—the products of a company in which the grantor had an interest, and it is inferable that he would not have conveyed the property to the grantee without the protection which rests upon the stipulation against the sale of the products of any other company than that named. Having reached the conclusion that the covenant which we have pointed out was a covenant running with the land, the plaintiff was entitled to an injunction against the violation of the covenant, in view of the other allegations in the petition. *Rosen* v. *Wolff,* 152 *Ga.* 578 (110 S. E. 877).     *Judgment reversed.    All the Justices concur.*