28345. LOWRY v. NORRIS LAKE SHORES DEVELOPMENT CORPORATION.

Submitted October 10, 1973 — Decided January 7, 1974.

*Herbert T. Jenkins, Jr., Fred W. Minter,* for appellant.

*Webb, Fowler & Tanner, Robert Duncan, Jones Webb,* for appellee.

GRICE, Presiding Justice. This appeal is by Frank Lowry from the grant of a summary judgment entered in favor of Norris Lake Shores Development Corporation.

The appellant had brought an action for appointment of a trustee and for damages complaining that the appellee had not complied with promises made in the sale of designated real estate.

The sole issue upon the appeal is whether the following provision in a deed constitutes a covenant running with the land: "8. Each lot included in the conveyance to be made hereunder shall be subject to a charge at the rate of Forty-Eight Dollars ($48) annually and the Grantee, his, her, their or its heirs, successors, executors, administrators and assigns agree to pay to the Grantor, its successors and assigns said Forty-Eight Dollars ($48), as billed by the Grantor, for beach privileges, and for the use of other designated recreational facilities which may now or hereafter be made available, whether the same are exercised or not. The title to all land designated as beach and recreational property is expressly retained by the Grantor who in turn reserves the right to approve its occupants. The Grantee, his, her, their, or its heirs, successors, executors, administrators and assigns further agree that the use of said beaches and recreational facilities is subject to approval of the user for membership in Norris Lake Country Club, as hereinabove provided, and to compliance with the rules and regulations from time to time promulgated by the Grantor, its successors and assigns, it being understood that the charge for such beach privileges and other recreational facilities shall constitute a debt which may be collected by suit in any court of competent jurisdiction, and upon the conveyance of any of the land described herein, successive owner or owners shall, from the time of acquiring title, be held to have covenanted and agreed to pay the Grantor, its successors or assigns all charges, past or future, as provided for in this paragraph.

"The Grantor, its successors and assigns shall be the sole owner of said charge and lien for beach privileges and for the use of other designated recreational facilities and shall maintain, in such manner as Grantor in its sole discretion may deem advisable, all beaches and other designated recreational facilities, and the Grantee, for himself, herself, theirselves or itself, his, her, their, or its heirs, successors, executors, administrators and assigns shall use said beaches and other recreational facilities only in

accordance with the rules and regulations of the Grantor, its successors or assigns, and the Grantee, his, her, their, or its heirs, successors, executors, administrators and assigns, does hereby expressly recognize in the Grantor, its successors or assigns, the right to deny the use of said beaches and other recreational facilities for violation of such rules and regulations without impairing the obligation to pay the charge for the same as herein provided."

The trial court construed the above provision subjecting each lot in the appellee grantor's subdivision to such charge to be a covenant running with the land which it could legally assert; and held that upon acceptance of the deed the appellant grantee became bound by its terms.

We agree.

Over half a century ago this court noted that "There is a growing tendency to incorporate equitable doctrines with common-law rules, and, in equity, covenants relating to land, or its mode of use or enjoyment, are frequently enforced against subsequent grantees with notice, whether named in the instrument or not, and though there is no privity of estate. It is immaterial in such cases whether the covenant runs with the land or not, the general rule being that it will be enforced according to the intention of the parties. It is only necessary that the covenant concern the land or its use, and that the subsequent grantee has notice of it. Covenants are so enforced on the principle of preventing a party having knowledge of the just rights of another from defeating such rights. [Cit.]" *Rosen v. Wolff,* 152 Ga. 578, 585 (110 SE 877). See also, *Howard Mfg. Co. v. Water Lot Co.,* 53 Ga. 689 (1); *Atlanta, K. & N. R. Co. v. McKinney,* 124 Ga. 929 (1) (53 SE 701, 6 LRA (NS) 436, 110 ASR 215); *Smith v. Gulf Refining Co.,* 162 Ga. 191 (134 SE 446, 51 ALR 1323); Pindar, Georgia Real Estate Law, § 22-5.

Such perpetual rights do not violate the rule against perpetuities, as insisted by the appellant. See *Smith v. Aggregate Supply Co.,* 214 Ga. 20, 22 (102 SE2d 539) and cits.

Nor may he attempt to engraft conditions upon the deed which would materially change it by the use of parol contemporaneous evidence. Code § 38-501.

Since there were no issues of material fact to be determined by a jury the trial court properly granted the appellee grantor's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*