### 38365. COPELAN v. ACREE OIL COMPANY.

Weltner, Justice.
The principal issue here is whether an agreement calling for the operation of a gasoline filling station by the owner of property and the purchase of petroleum products exclusively from a supplier is a covenant running with the land, and binding upon subsequent owners of the land.

Mrs. Acree, owner of a lot in Toccoa, Georgia, entered into a "lease" agreement in 1968 with Acree Oil Co., a wholesale distributor of petroleum products, providing that: (1) Acree Oil Co. ("lessee") would make certain improvements on the property valued at $5,000 which would remain the personal property of Acree Oil Co. "... in full satisfaction of any and all rents and compensation to be paid for this lease"; (2) Acree Oil Co. would be granted exclusive rights to supply wholesale petroleum products to Mrs. Acree ("lessor"); (3) Mrs. Acree would operate the gasoline station and grocery store on the

premises, selling the petroleum products of Acree Oil Co. exclusively; (4) if the lease terminated for any reason, Mrs. Acree would pay to the Acree Oil Co. its pro-rata share of the $5,000 expended for improvements; (5) the ten-year lease ending 1978 might be extended by the lessee for two successive five-year periods, provided at least 60 days' notice in writing was given; (6) the terms "lessor" and "lessee" include their heirs, assigns, executors, administrators or successors.

In 1969, the property was purchased by Wise. The deed conveying the property contains no reference to the agreement. However, Wise signed a similar contract with Acree Oil Co. stipulating that the $5,000 in improvements would be amortized over a period of ten years from and after August 15, 1968. Both this agreement and the 1968 agreement were recorded.

Citizens Bank purchased the property at a foreclosure sale in 1980, and sold it to Copelan the same year. The Copelan deed contains a warranty of title to the property "except as to . . . any claim of leaseholder rights and interests of Acree Oil Company."

Copelan, planning to construct an office building on the property, demanded that Acree Oil Co. remove its personal property from the lot. Acree Oil Co. responded with a demand for $35,000 in damages for breach of the agreements, and Copelan subsequently brought the present action for declaratory judgment. The parties stipulated that the first five-year option had been exercised according to the initial agreement.

The trial court held that the agreement was a covenant running with the land, and that Copelan was bound by its terms. The court also found that the "lease" contained a typographical error (although neither party had so contended) and ordered reformation by interchanging the terms "lessor" and "lessee," thereby holding Acree Oil Co. responsible for operating the filling station.

1. Both Copelan and Acree Oil Co. contend that the court erred in reforming the agreement. No party has ever suggested that a mistake had been made in the agreement, and the trial court's finding, *ex mero motu,* to the contrary is unsupported by the evidence.

2. "When the covenant is of a collateral nature to the land, it is a personal obligation and does not run with the land; if it is incapable in law of attaching to the estate, it will not bind or pass to assignees even where they are expressly named. . . . A covenant runs with the land when either the liability for its performance or the right to enforce it passes to the assignee of the land itself. In order that it may run with the land, its performance or nonperformance must affect the nature, quality, or value of the property demised, independent of collateral circumstances, or it must effect the mode of enjoyment, and there

must be a privity between the contracting parties." *Atlanta Consolidated St. R. Co. v. Jackson,* 108 Ga. 634, 638-9 (34 SE 184) (1899), quoting from 2 Kerr on Real Prop. § 1218.

" 'It is the general rule that the owner of land has the right to use it for any lawful purpose, and restrictions upon its use must be clearly established and strictly construed.' *Davis v. Miller,* 212 Ga. 836, 837 (96 SE2d 498) (1957). Doubt as to restrictions and use will be construed in favor of the grantee. *Voyles v. Knight,* 220 Ga. 305 (138 SE2d 565) (1964)." *Church of Latter-Day Saints v. Statham,* 243 Ga. 448 (254 SE2d 833) (1979).

Underlying this rule is the sound policy that land use must be governed by its present owners, and should be subjected only in severely restricted circumstances to control by former owners. Were this not the law, any whim and caprice, once set down by deed, could diminish or destroy the utility of real property for fully two decades. See *Cowart v. Singletary,* 140 Ga. 435, 442 (79 SE 196) (1913).

It will be noted that the agreement, though denominated a "lease" by the parties, conveys no right of occupancy or control by the "lessee," but the owner, denominated as "lessor," retains the full enjoyment of the property. There is no provision for the payment of rent, the sole consideration for the owner's obligation to purchase petroleum products exclusively from Acree Oil Co. being the placement on the owner's property of certain improvements, such as gasoline tanks.

Acree Oil Co.'s contention that the agreement constitutes a covenant running with the land is founded solely upon this provision: "Wherever the words 'Lessor' and 'Lessee' appear in this contract, the term shall also include their heirs, assigns, executors, administrators, or successors." This is nothing more than a standard contract clause, enunciating an effect usually imposed by law with or without such provision. Further, it is doubtful that the "lease" conveys an interest in land. "An estate for years is one which is limited in its duration to a period fixed or which may be made fixed and certain. If it is in lands, it passes as realty. It may be for any number of years, provided the limitation is within the rule against perpetuities." Code Ann. § 85-801. "An estate for years carries with it the right to use in as absolute a manner as a greater estate, but not to the injury of the property or of the person entitled either in remainder or reversion; . . ." Code Ann. § 85-803. Here, as we have pointed out, there is no right on the part of Acree Oil Co. to use the property.

We conclude, therefore, that no estate for years and no interest in land is created, hence the above language cannot be amplified so as to constitute a covenant running with the land.

Under these circumstances, it is not necessary to examine the authority of *Smith v. Gulf Refining Co.,* 162 Ga. 191 (134 SE 446) (1926), on which the trial court quite understandably relied. Suffice it to say that even if *Smith* is still authoritative, it is inapplicable to this case.

*Judgment reversed. All the Justices concur, except Smith and Gregory, JJ., who dissent.*

DECIDED APRIL 7, 1982 —
REHEARING DENIED APRIL 21, 1982.

*Adams, Clifton & Sanders, Alton M. Adams,* for appellant.
*McClure, Ramsay, Struble & Dickerson, George B. Ramsay, Jr., Allan R. Ramsay,* for appellee.