United States Court of Appeals,

Eleventh Circuit.

No. 93-8391.

UNITED EGG PRODUCERS, Plaintiff-Appellant, Cross-Appellee,

J.B. Gay and Son, Inc., on Behalf of Itself and all Others Similarly Situated, Plaintiffs,

v.

STANDARD BRANDS, INC., Defendant-Appellee, Cross-Appellant.

NABISCO BRANDS, INC., Plaintiff-Appellee, Cross-Appellant,

v.

UNITED EGG PRODUCERS, Defendant-Appellant, Cross-Appellee.

Feb. 9, 1995.

Appeals from the United States District Court for the Northern District of Georgia. (No. 92-CV-2536-WCO), William C. O'Kelley, Chief Judge.

Before EDMONDSON and BIRCH, Circuit Judges, and HILL, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

This case comes to us on United Egg Producers' (UEP) appeal from the district court's refusal to enforce a Settlement Stipulation (Stipulation) entered into between UEP and Standard Brands in 1978. The district court refused to enforce the Stipulation because it concluded that the stipulation violates the First Amendment. This conclusion is reviewed *de novo. In Re Thomas,* 883 F.2d 991 (11th Cir.1989).

United Egg Producers filed suit in the 1970s in response to advertisements by Standard Brands, Inc. (producers of Egg Beaters) which, UEP alleged, wrongfully disparaged eggs. At the time, a real controversy in the scientific community existed about

cholesterol and its effect on human health ("diet-heart controversy"). There are two kinds of cholesterol: dietary (found in the food we eat) and serum (manufactured by the body and found in the bloodstream). The controversy concerned whether the intake of dietary cholesterol could raise the level of serum cholesterol. High levels of serum cholesterol have been linked to heart disease. The contested advertisements claimed that eggs were high in cholesterol and, therefore, contributed to an increase in serum cholesterol.

In October 1978 the parties agreed to settle the case. They signed a Settlement Stipulation which was entered into the docket by court order. The Stipulation said that neither party would run advertisements that disparaged the other party's product within the context of this diet-heart controversy. The parties still were able to make factual statements about cholesterol content and comparative statements about nutrition and taste. The ban on statements about the diet-heart controversy was limited to mass media advertising. The Stipulation required the parties to submit to arbitration if disputes about interpretation of its terms should arise. The Stipulation also provided that a party could move for modification of the Stipulation in the district court "for good cause shown." In 1978 the district court endorsed the Stipulation and dismissed the case.

In 1990 Nabisco Brands, Inc. (Nabisco)[1] began running a commercial called "Cracks II", which, according to UEP, violated the Stipulation. UEP asked Nabisco to stop running the ads; but

[1]Nabisco is Standard Brands' successor-in-interest.

Nabisco refused, saying the ads did not violate the Stipulation. UEP filed a demand for arbitration. In August 1992 the arbitration panel determined that the ads violated the Stipulation.

Nabisco still refused to stop running the ads; so UEP moved for enforcement of the Stipulation in district court. Nabisco then filed a petition to vacate the arbitration decision and to modify the Stipulation for good cause shown. The district court denied Nabisco's petition to vacate the arbitration award and granted Nabisco's motion to modify the 1978 Stipulation and Order.[2] UEP's motion to enforce the Stipulation was also denied by the district court because the court concluded that the Stipulation violates the First Amendment.

The district court's refusal to enforce the Stipulation can only be upheld if court enforcement of the Stipulation would constitute prohibited governmental action. Without governmental action there can be no First Amendment violation.[3] *Columbia Broadcasting System v. Democratic National Committee,* 412 U.S. 94, 93 S.Ct. 2080, 36 L.Ed.2d 772 (1973); *Cohen v. Cowles Media Co.,* 501 U.S. 663, 111 S.Ct. 2513, 115 L.Ed.2d 586 (1991). Thus, the issue controlling this case is whether court enforcement of the Stipulation constitutes governmental action as contemplated by the

---

[2]The district court's denial of Nabisco's petition to vacate the arbitration award and the court's grant of Nabisco's motion to modify the 1978 Stipulation and Order are both reviewed under the abuse of discretion standard; and both decisions are AFFIRMED.

[3]Because we decide the case on governmental action grounds, we do not address the issues of waiver of First Amendment rights or whether the restriction on the parties' speech might violate the First Amendment *if* governmental action were involved.

First Amendment.

The Supreme Court has held that court enforcement of an agreement between private parties can, in some circumstances, be considered governmental action for constitutional analysis. *Shelley v. Kraemer,* 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948) (holding that state court enforcement of racially restrictive covenants constitutes action by state). But, the reach of *Shelley* remains undefined outside of the racial discrimination context.

That parties be able to enter into enforceable settlement agreements as a means of ending controversies is a good thing. And we, in the absence of compelling authority, are slow to interfere with or to undercut settlements of commercial disputes. In holding that court enforcement of the Stipulation is not governmental action, we follow other courts which have indicated that where a court acts to enforce the right of a private party which is permitted but not compelled by law, there is no state action for constitutional purposes in the absence of a finding that constitutionally impermissible discrimination is involved. *See Cable Invest., Inc. v. Woolley,* 680 F.Supp. 174, 177 (M.D.Pa.1987) (citing *Parks v. "Mr. Ford",* 556 F.2d 132, 136, n. 6a (3d Cir.1977)). *See also Gresham Park Community Organization v. Howell,* 652 F.2d 1227, 1239 (5th Cir.1981); *Schreiner v. McKenzie Tank Lines & Risk Management Services, Inc.,* 408 So.2d 711, 719 (Fla.Dist.Ct.App.1982).

This reasoning is persuasive because, "if, for constitutional purposes, every private right were transformed into governmental action by the mere fact of court enforcement of it, the distinction

between private and governmental action would be obliterated."
*Edwards v. Habib,* 397 F.2d 687, 691 (D.C.Cir.1968).

Where two disputing parties in positions of equal bargaining power agree, through a Settlement Stipulation, to restrict, in a limited degree, their First Amendment rights on commercial speech as was done here, we hold that court enforcement of that agreement is not governmental action for First Amendment purposes. The district court's refusal to enforce the Stipulation is REVERSED.

REVERSED in part, and AFFIRMED in part.