S96A0059. TIMBERSTONE HOMEOWNER'S ASSOCIATION, INC. v. SUMMERLIN.
(467 SE2d 330)

HUNSTEIN, Justice.

J. E. Summerlin purchased property in the Timberstone subdivision in 1976 and then conveyed his interest in the property to Evelyn Summerlin, his wife, who thereafter reconveyed the property to Summerlin in April 1987. Timberstone Homeowner's Association is a Georgia non-profit corporation, incorporated in 1975 for the purpose of maintaining the common areas in the Timberstone subdivision. In 1975, Timberstone's developer recorded a "Declaration of Covenants, Conditions, Restrictions and Easements for Timberstone" in the land records of the Fulton County Clerk's office. The declaration, which contains various covenants governing the subdivision, expressly provides for the payment of assessments by homeowners to the homeowner's association for maintenance of the commonly-held property and facilities within the development. It also provides for collection of unpaid assessments by imposition of a continuing lien. There has been no further recordation in the Fulton County records of any exemption, waiver or release from the terms and conditions of the declaration.[1]

Beginning in 1989, the association filed liens on Summerlin's property in the aggregate amount of $2,141 for unpaid assessments. In July 1994, Summerlin filed a quia timet action[2] seeking removal of the liens, claiming that membership in the association was voluntary and that he had never used the recreational facilities maintained by the fees at issue. The matter was heard by the Superior Court of Fulton County, wherein the parties filed motions for summary judgment. The superior court denied the association's motion for sum-

---

[1] The record also contains an unrecorded 1977 rezoning approval by the Fulton County Board of Commissioners authorizing voluntary membership in the association.

[2] Removal of a cloud from title is an issue in a quia timet proceeding. See OCGA § 23-3-60 et seq.; *In re Rivermist Homeowners Assn.*, 244 Ga. 515 (260 SE2d 897) (1979).

mary judgment and granted partial summary judgment to Summerlin finding that because the restrictive covenant mandating payment of assessments for maintenance of amenities in the subdivision did not pertain to land use, it was not binding on Summerlin without his affirmative acceptance.[3]

The association claims the trial court erred in granting partial summary judgment to Summerlin because its restrictive covenant requiring payment of maintenance assessments is binding upon successors in title where the association has performed its maintenance and administrative duties in accord with the declaration. We conclude that the trial court did so err and reverse.[4]

Where a restrictive covenant is recorded, the purchaser is charged with legal notice of the covenant, even if it is not stated in his own deed. *King v. Baker*, 214 Ga. App. 229, 232 (3) (447 SE2d 129) (1994). In *Lowry v. Norris Lake Shores Dev. Corp.*, 231 Ga. 549, 551 (203 SE2d 171) (1974), we held that a provision in a deed requiring payment of a charge for recreational facilities could be asserted against a grantee:

> "[C]ovenants relating to land, or its mode of use or enjoyment, are [enforceable] against subsequent grantees with notice, whether named in the instrument or not, and though there is no privity of estate. It is immaterial in such cases whether the covenant runs with the land or not, the general rule being that it will be enforced according to the intention of the parties. It is only necessary that the covenant concern the land or its use, and that the subsequent grantee has notice of it. Covenants are so enforced on the principle of preventing a party having knowledge of the just rights of another from defeating such rights. [Cit.]" [Cits.]

Whether the assessment obligation is a covenant running with the land or an equitable servitude, it is clear that a restrictive covenant

---

[3] The trial court further held that submission to the terms of the Georgia Property Owners' Association Act, OCGA § 44-3-220 et seq., was a prerequisite for future collection of assessments. This statute became effective on July 1, 1994 and provides that a lot owner in a development is obligated to comply with a declaration recorded by a property owners' association. Failure to comply with the terms of the instrument subjects the owner to a lawsuit for damages or injunctive relief and/or fines and suspension of voting rights in the association as well as use of the common areas and services paid for as a common expense. Because the issue before us is whether an assessment is binding *absent* the property being subject to the Act, any argument by the association and the amicus curiae concerning the propriety of the trial court's ruling with regard to the Act will not be addressed.

[4] The association also claims that the trial court erred by awarding attorney fees to Summerlin. However, because no such award appears in the record, we need not address that enumeration of error.

(here obligating Summerlin to pay assessments to maintain common property) is an enforceable covenant against a purchaser with notice. *King v. Baker,* supra; *Murawski v. Roland Well Drilling,* 188 Ga. App. 760, 765 (374 SE2d 207) (1988). See *Prime Bank v. Galler,* 263 Ga. 286 (430 SE2d 735) (1993).

The purpose of mandatory assessments is to maintain the common property in the subdivision for the use and enjoyment of all owners. The effect of invalidating mandatory payments of assessments for maintenance of amenities in a community without affirmative acceptance would render the provision of services or facilities in a community an impossibility because it would permit property owners to determine for themselves what portion of the amenities they would be willing to accept or to reject. Because the declaration at issue was included in the written and recorded covenant for the Timberstone subdivision,[5] it necessarily follows that the trial court erred in concluding that the association was precluded from seeking recovery for the unpaid assessments on the basis that the covenant required affirmative acceptance on the part of the homeowner.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 4, 1996.

*Weissman, Nowack, Curry & Zaleon, George E. Nowack, Jr., Jeffery H. Schneider, Derek W. Johanson,* for appellant.
*Crim & Bassler, Candler Crim, Jr.,* for appellee.

---

[5] The trial court did not reach the issue of the 1977 rezoning on this case and we intimate no opinion thereon.