A97A1630. PROVIDENCE CONSTRUCTION COMPANY
v. BAUER.
(494 SE2d 527)

BEASLEY, Judge.

This case presents the Court its first opportunity to apply the provisions of OCGA § 9-11-11.1. This 1996 law, sometimes referred to as an "anti-SLAPP" statute, is designed to prevent "Strategic Litigation Against Public Participation." See Kent & Isenberg, "Georgia's New Anti-SLAPP Statute," Ga. Bar J. (June 1997), p. 26.

Providence Construction Company brought this suit against Dave Bauer and other residents of Cumberland Ridge, a Cobb County subdivision developed by Providence. Providence is represented in court by its president, who is not a member of the State Bar of Georgia, but the appeal was docketed on April 8, 1997, before the rule in *Eckles v. Atlanta Tech. Group*, 267 Ga. 801, 806 (2) (485 SE2d 22) (1997), became effective.

As far as defendants are concerned, only Bauer remains as a party. The developer sought to enjoin the residents from actively opposing its efforts to rezone a parcel of property adjoining the subdivision. Providence also sought money damages on its claim that Bauer and other residents breached contractual duties and tortiously interfered with Providence's contractual relations by circulating petitions opposing rezoning, writing letters to county officials and speaking out before the Cobb County Planning Commission. After an expedited hearing held pursuant to OCGA § 9-11-11.1 (d), the court found Providence's suit to be an improper attempt to chill Bauer's free speech and petition rights and dismissed the complaint.

1. In enacting the anti-SLAPP statute, the legislature declared, "it is in the public interest to encourage participation by the citizens of Georgia in matters of public significance through the exercise of

their constitutional rights of freedom of speech and the right to petition government for redress of grievances. The General Assembly of Georgia further finds and declares that the valid exercise of [these] constitutional rights . . . should not be chilled through abuse of the judicial process." OCGA § 9-11-11.1 (a).

To prevent such abusive litigation, the legislature imposed several procedural safeguards. Any complaint arising from an act "which could reasonably be construed as an act in furtherance of" a defendant's free speech or petition rights must be accompanied by a verification, based on belief formed after reasonable inquiry, that the suit is well grounded in fact and law or represents a good-faith argument for the extension of existing law. OCGA § 9-11-11.1 (b). The plaintiff and her counsel must also verify the act forming the basis of the suit is not a "privileged communication" under OCGA § 51-5-7, and that the suit is not filed "for any improper purpose such as to suppress a person's . . . right of free speech or right to petition government. . . ." OCGA § 9-11-11.1 (b). If the defendant files a motion to dismiss, the trial court must hold a hearing on the motion within 30 days of its service, if possible. OCGA § 9-11-11.1 (d).

Bauer filed a motion to dismiss on grounds that the activities of which Providence complained were privileged as "[s]tatements made in good faith as part of an act in furtherance of the right of free speech or the right to petition government for a redress of grievances under the Constitution of the United States or the Constitution of the State of Georgia in connection with an issue of public interest or concern. . . ." OCGA § 51-5-7 (4). Such statements are defined in OCGA § 9-11-11.1 (c) to include written and oral statements and petitions made to legislative or executive bodies regarding an issue being reviewed by the body. As the trial court construed the statute, opposing a rezoning application by collecting signatures for a petition, writing letters to government officials, and speaking out at an official hearing clearly fall within the category of privileged activities.

Providence defends its suit against Bauer as valid because his actions violated a restrictive covenant between residents of Cumberland Ridge and Providence which runs with the land and binds subsequent purchasers such as Bauer whose deeds reflect they are subject to the restrictive covenant. See generally OCGA §§ 44-5-60; 44-5-39. See also *Rosen v. Wolff*, 152 Ga. 578, 583 (110 SE 877) (1922) (discussion of covenants running with land compared with personal covenants); *Lowry v. Norris Lake Shores Dev. Corp.*, 231 Ga. 549, 551 (203 SE2d 171) (1974) (covenant runs if it concerns the land or its use and subsequent grantee has notice).

The covenant states: "It is presently contemplated by [Providence] that portions of the overall scheme for the Development, and

any and all contiguous land in which [Providence] presently has or may hereafter acquire an interest, include, in addition to single-family residential lots, phases to be developed as apartments, town-houses, condominiums, patio homes, shopping centers (with tenants who shall be approved at the sole discretion of [Providence]), golf driving range, office, storage and light industrial. By acceptance of the deed conveying a Lot, each Owner acknowledges the foregoing plan and Covenants and agrees not to oppose any application to amend the zoning ordinances or any petition seeking a variance of the zoning laws and regulations of the appropriate political subdivisions in order to permit such land usages or the use of other property in the area for a golf course, lounge, restaurants, and recreational facilities; further, each owner agrees not to oppose any license application or transfer relating to any such permitted land usages in the Development and in any and all contiguous land in which [Providence] presently has or may hereafter acquire an interest." This restrictive covenant is unenforceable as against public policy.

"A contract cannot be said to be contrary to public policy unless the General Assembly has declared it to be so, or unless the consideration of the contract is contrary to good morals and contrary to law, or unless the contract is entered into for the purpose of effecting an illegal or immoral agreement or doing something which is in violation of law. [Cits.]" *Porubiansky v. Emory Univ.*, 156 Ga. App. 602, 603 (275 SE2d 163) (1980), aff'd, 248 Ga. 391 (282 SE2d 903) (1981). "A contract which is against the policy of the law cannot be enforced." OCGA § 13-8-2 (a).

In OCGA § 9-11-11.1 (a), the General Assembly specifically declared that it is the public policy of this state to encourage citizens to exercise their rights of free speech and petition, and it forbade abuse of the judicial system to discourage such activity. Providence seeks to enforce a covenant which inhibits the speech and political activities of not only the original property purchaser, but also of all subsequent lot purchasers. "Contracting parties may waive or renounce what the law has established in their favor provided such waiver or renunciation does not thereby injure others or affect the public interest." *Young v. John Deere Plow Co.*, 102 Ga. App. 132, 135 (115 SE2d 770) (1960). Also, the waiver of a right must be made voluntarily and with knowledge of the rights being waived. See *West v. Fulton County*, 267 Ga. 456, 458 (2) (479 SE2d 722) (1997).

The covenant is overly broad, as it seeks to prevent residents from opposing future unspecified attempts by the developer to seek rezoning of "any and all contiguous land" that Providence may acquire. The covenant, which is also vague, would prevent all lot purchasers in a development from exercising their constitutional rights to oppose government action which may affect their neighborhood's

character and the properties' value. Such a prohibition is contrary to public policy and the public interest. See *Porubiansky*, supra.

*United Egg Producers v. Standard Brands*, 44 F3d 940 (11th Cir. 1995), which Providence cites, is distinguishable. No governmental action was involved where a trial court ratified a settlement agreement by which each party agreed not to disparage the other. This case involves the affecting of "governmental action." Plus, the restrictions on free speech rights in *United Egg Producers* were narrow and specific. As the court noted, that case concerned an agreement settling a lawsuit, made between "two disputing parties in positions of equal bargaining power . . . to restrict, in a limited degree, their First Amendment rights on commercial speech." Id. at 943.

Providence's reliance on *Muldawer v. Stribling*, 243 Ga. 673 (256 SE2d 357) (1979), is likewise misplaced. The Supreme Court held that a subsequent purchaser of property was bound by a covenant forbidding him from seeking to rezone the property. In effect, that property was pledged for a certain use, and such covenants have been found proper and enforceable. See, e.g., *Chambers v. Gallaher*, 257 Ga. 795 (364 SE2d 576) (1988) (covenant prohibiting operation of business in residential subdivision upheld); *The Deck, Inc. v. Noe*, 222 Ga. 189 (149 SE2d 68) (1966) (covenant prohibiting erection of any building other than motel upheld). Although *Muldawer* recites that the covenant at issue resulted from an agreement that one party would not oppose a rezoning, the enforceability of that portion of the agreement was not at issue.

Because Providence's covenant is unenforceable as against public policy, we need not determine whether it was otherwise binding on Bauer or other residents of Cumberland Ridge. A judgment right for any reason will be affirmed. See *Little v. Fleet Finance*, 224 Ga. App. 498, 503-504 (1) (481 SE2d 552) (1997).

2. Next, Providence contends the trial court had no authority to dismiss the complaint once Providence filed the affidavit required by OCGA § 9-11-11.1 (b). But verified or not, the face of the complaint failed to state a claim upon which relief could be granted. See *Little*, supra at 504 (2).

3. Providence argues that the trial court should have allowed it to amend its complaint to state a claim. Nothing in the record shows Providence ever offered any deficiency-correcting amendment. An issue raised for the first time on appeal is not considered. See *Merrill v. First Union Nat. Bank &c.*, 224 Ga. App. 773, 774 (1) (481 SE2d 890) (1997).

*Judgment affirmed. Senior Appellate Judge Harold R. Banke concurs. McMurray, P. J., concurs in Divisions 1 and 3 and in the judgment.*

DECIDED NOVEMBER 17, 1997 —
RECONSIDERATION DENIED DECEMBER 5, 1997 — 

Ronald S. Leventhal, *pro se*.
Talley & Darden, David P. Darden, David T. Markle, for appellee.