A97A1838. HEARD v. WHITEHALL FOREST EAST
HOMEOWNERS ASSOCIATION, INC.
(495 SE2d 318)

Judge Harold R. Banke.

Whitehall Forest East Homeowners Association, Inc. ("Whitehall") sued property owner, Gladys A. Heard, for past due condominium assessments. Heard moved for partial summary judgment asserting that a portion of Whitehall's claim was untimely. The trial court denied her motion and granted summary judgment to Whitehall. Heard appeals.

Whitehall's action "for money owed and foreclosure of lien" was based on a Declaration of Record created in accordance with the Apartment Ownership Act of 1963, Ga. Code Ann. Ch. 85-16b et seq., which the developer recorded in April 1972. Whitehall claimed that Heard breached an obligation to pay certain assessments imposed upon her through restrictive covenants in that Declaration and its by-laws. Whitehall sought the amount of unpaid condominium fees from May 1990, interest, attorney fees, and costs.

Heard admitted that as the owner of two properties, she was subject to the terms of that Declaration and that she had failed to pay the assessments. However, Heard asserted a statute of limitation defense as to part of Whitehall's action. She claimed that the two-year statute of limitation for a breach of restrictive covenants as provided by OCGA § 9-3-29 barred Whitehall's recovery of assessments which accrued before July 1, 1993.

Whitehall maintained that because its proceeding was an action on a written contract, the applicable statute of limitation was six years as provided by OCGA § 9-3-24. The trial court concluded that the appropriate statute of limitation was six years because "the law presumes a contract." The court denied Heard's partial motion for summary judgment and granted Whitehall's motion for summary judgment awarding Whitehall $16,445.04 plus interest from May 16, 1990. *Held*:

A restrictive covenant obligating a property owner to pay assessments to maintain common property is an enforceable covenant

against a purchaser, like Heard, with notice. *Timberstone Home-owner's Assn. v. Summerlin*, 266 Ga. 322, 323-324 (467 SE2d 330) (1996). See *Rosen v. Wolff*, 152 Ga. 578, 585-586 (110 SE 877) (1922). Accord *Guerin v. Webster*, 233 Ga. 521, 523 (1) (212 SE2d 352) (1975). The sole issue on appeal is whether the trial court erred in applying the statute of limitation for written contracts under OCGA § 9-3-24, instead of the statute of limitation for covenants running with the land under OCGA § 9-3-29.

Notwithstanding Whitehall's contention to the contrary, the obligation to be enforced here although contractual in nature is not a "simple contract in writing" within the meaning of OCGA § 9-3-24. It is not an undertaking signed by Heard. See *Plumlee v. Davis*, 221 Ga. App. 848, 852 (3) (473 SE2d 510) (1996) (statute of limitation for simple contracts in writing inapplicable to cause of action against party not a signatory to that contract). Nor is Heard named in the instrument which Whitehall claims is a "contract." Whitehall has cited no cases applying the six-year statute of limitation to a restrictive covenant, and we have found none.

Whitehall filed suit May 16, 1996, and asserted its entitlement to past due assessments and interest from May 16, 1990 forward. However, until July 1, 1995, the former version of OCGA § 9-3-29 required that "[a]ll actions for breach of any covenant restricting lands to certain uses shall be brought within two years after the right of action accrues." OCGA § 9-3-29. See *Martin's Landing Foundation v. Landing Lake Assoc.*, 707 F2d 1329, 1331 (11th Cir. 1983). Effective July 1, 1995, the legislature extended the two-year statute of limitation to four years for "actions for breach of covenant which accrue as a result of the failure to pay assessments or fees." OCGA § 9-3-29 (b).

In order to avoid the two-year time limit, Whitehall contends that its action is not based on the breach of any covenant restricting the use of land. Whitehall claims that because the former statute (OCGA § 9-3-29) made no reference to a breach of a covenant to pay assessments or fees, that two-year limitation applied only to covenants "restricting land to certain uses." Whitehall argues that an obligation to pay assessments is not a covenant "restricting land to certain uses." However, by its express terms, the Declaration at issue contains covenants "restricting lands to certain uses," as well as covenants that "run with the land." Whitehall failed to offer any authority for its proposition that the covenant to pay monthly assessments which appears in this Declaration is not subject to the former OCGA § 9-3-29. See *Summerlin*, 266 Ga. at 323-324.

Further, Whitehall's proffered authority for its statutory interpretation of OCGA § 9-3-29 is readily distinguishable. In *Duffett v. E & W Properties*, 208 Ga. App. 484, 486 (2) (430 SE2d 858) (1993),

we applied the rules of contract construction to certain covenants in a subdivision declaration. But nowhere in that opinion was the statute of limitation issue addressed. Similarly, Whitehall's reliance on *Chattahoochee Chase Condo. Assn. v. Ruben*, 221 Ga. App. 724 (472 SE2d 520) (1996) is misplaced. In *Ruben*, we construed the declaration and by-laws at issue there in conjunction with the Georgia Condominium Act, OCGA § 44-3-70 et seq., which has no application to this case.[1]

Inasmuch as the legislature provided for a specified effective date of July 1, 1995, for OCGA § 9-3-29, and provided no authorization for retroactive application, the legislature evinced an intent for the new limitation period to apply prospectively. See *Canton Textile Mills v. Lathem*, 253 Ga. 102, 103 (1) (317 SE2d 189) (1984). Part of Whitehall's claim, therefore, is time-barred by OCGA § 9-3-29. We hold that the two-year statute of limitation of OCGA § 9-3-29 applies to all assessments against Heard which accrued before July 1, 1995, and the four-year statute of limitation applies to all assessments accruing after that date. We, therefore, reverse summary judgment and remand for a determination of the amount of assessments and interest due from July 1, 1993.

*Judgment reversed and case remanded with direction. Pope, P. J., and Blackburn, J., concur.*

DECIDED DECEMBER 19, 1997.

*Benjamin P. Erlitz*, for appellant.
*Weinstock & Scavo, Anthony T. Polvino*, for appellee.

---

[1] Whitehall does not contend that the provisions of the Georgia Condominium Act (OCGA § 44-3-70 et seq.) apply to this case or that the requirements of OCGA § 44-3-113 were satisfied.