S90A0690. WALLACE et al. v. MEYER et al.
(394 SE2d 350)

WELTNER, Justice.

1. On January 2, 1990, the trial court enjoined the county tax commissioner from collecting 1989 ad valorem taxes until such time as the county board of tax assessors should have complied with a prior court order that was entered on January 12, 1989, and required equalization of the tax digest.

2. In the 1989 order, the trial court had issued mandamus absolute directed to the board of tax assessors,

ordering the Board of Tax Assessors of Forsyth County to act in conformity with this Order and that the mandamus be

made absolute so that the order of the Board of Equalization of Forsyth County of April, 1986, be complied with in the 1989 tax digest. . . .[1]

3. Following the entry of the 1990 order, the tax commissioner and the board of tax assessors filed an appeal, seeking review of both orders. Their enumerations of error are:

1. The lower court erred by enforcing a void order of the Board of Equalization.
2. The lower court erred in denying Appellants' Motion to Dismiss [filed in December 1988] and finding that Appellees had standing to assert their claims.
3. The lower court erred by ordering a revision of the 1989 Tax Digest in a proceeding that was not an appeal to the Superior Court pursuant to OCGA § 48-5-311 (f).

4. The first two enumerations of error relate to the 1989 mandamus absolute, which was subject to appeal upon its entry.[2] No appeal was taken from the mandamus absolute. Hence, the quarrel with the 1989 order, as set out in the first two enumerations of error, may not be pursued through this appeal.[3]
5. The third enumeration contests the trial court's jurisdiction over the subject matter of the controversy.[4]

---

[1] Other aspects of the 1989 order provided:

Ordered further, that the Board of Tax Assessors of Forsyth County shall render monthly reports to this court, and to the Board of Equalization of Forsyth County, such reports to contain information necessary to gauge compliance with this order, including, but not limited to, the degree of cooperation (or lack thereof) received from funding agencies, the securing of necessary resources and equipment to carry out the order of the Board of Equalization of Forsyth County, the existence of problems as soon as such problems are foreseen, and the time periods within which contemplated action will be taken;

Ordered further, that this court shall retain jurisdiction of this action to ensure compliance with this order; provided, however, that this retention of jurisdiction shall not be for the purpose of ruling upon the substantive results of the action herein required, such invocation of the court's jurisdiction perhaps to be by another action, if necessary, but shall only be for the purpose of securing performance of the particular actions herein ordered.

[2] OCGA § 5-6-34 (a) (6), provides in part:

Appeals may be taken to the Supreme Court and the Court of Appeals from the following judgments and rulings . . .: All judgments or orders granting or refusing to grant mandamus. . . .

[3] The tax commissioner was not added as a party until *after* the entry of the 1989 order. However, he filed no responsive pleadings after he was added as a party, nor did he raise these two issues in the trial court prior to the entry of the 1990 order (the subject of this appeal).

[4] OCGA § 9-11-12 (h) (3) provides: "Whenever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the court shall dismiss the

(a) The commissioner and tax assessors contend that the superior court did not have subject matter jurisdiction to reject the 1989 tax digest. They insist that the superior court is empowered to order county-wide re-evaluation *only* as an incident to affirming and enforcing an order from the board of equalization following an appeal pursuant to OCGA § 48-5-311 (f).[5]

(b) That contention is not well-founded. Subject matter jurisdiction is simply a power that is conferred by law upon a class of cases that authorizes a court within such class to grant a particular form of relief that might be sought by, or accorded to, a party before it.[6] There can be no doubt that a superior court has the *power* to order equalization of tax digests. To hold otherwise would be to resurrect the ancient and discredited forms of action, which finally have expired after so painful and protracted a decline.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 14, 1990 —
RECONSIDERATIONS DENIED JUNE 8, 1990 AND JUNE 20, 1990.

*Alston & Bird, G. Conley Ingram, Jay D. Bennett, Richard R. Hays, McVay & Stubbs, Robert S. Stubbs II, Robert S. Stubbs III,* for appellants.

*Lynwood D. Jordan, Jr.,* for appellees.

---

action."
[5] OCGA § 48-5-311 (f) provides for a de novo appeal to the superior court:
(1) The taxpayer or, except as otherwise provided in this paragraph, the county board of tax assessors may appeal decisions of the county board of equalization to the superior court of the county in which the property lies. . . .
[6] In *Zeagler v. Zeagler,* 192 Ga. 453, 456 (15 SE2d 478) (1941), we held:
" 'Jurisdiction of the subject-matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which that particular case belongs. As applied to the subject-matter of a suit, jurisdiction is always conferred by law, and it is incorrect to suppose that the power to decide in any case rests solely on the averments of a pleading, but on the contrary the jurisdiction of a court in no way depends on the sufficiency or insufficiency of the pleadings, and if the pleadings state a case belonging to a general class over which the authority of the court extends, then jurisdiction attaches and the court has power to hear and determine the issue involved.' "