## A01A0957. WIEDERKEHR v. BRENT et al.
### (548 SE2d 402)

ELDRIDGE, Judge.

Appellant-plaintiff Jonathan Wiederkehr brought the instant lawsuit against appellees-defendants Edwin Brent and Dale Sweatman seeking damages for injuries sustained after Buster, a seven-year-old horse weighing 900 pounds and described as "spirited," reared and fell back on Wiederkehr after he mounted the horse. Sweatman had given Wiederkehr permission to ride the horse upon Wiederkehr's assurances that he was an experienced horseman. In exchange for feeding and watering his aged[1] horse, Jackie, nonresident Brent let Sweatman board Buster for a nominal fee in stables he owned near Sweatman's home. Wiederkehr resided with a close female companion who rented a farmhouse on the property from Brent.

The state court found Brent and Sweatman to be immune from liability under the Injuries From Equine[2] Activities Act, OCGA § 4-12-1 et seq., under the category "other persons"; the court did not find them "equine activity sponsors"[3] or "equine professionals."[4] The state court then granted Brent and Sweatman summary judgment. Wie-

---

[1] Jackie was 29 years old.

[2] " 'Equine' means a horse, pony, mule, donkey, or hinny." OCGA § 4-12-2 (3).

[3] "Equine activity sponsor" means an individual, group, club, partnership, or corporation, whether or not the sponsor is operating for profit or nonprofit, which sponsors, organizes, or provides the facilities for an equine activity, including, but not limited to, pony clubs; 4-H clubs; riding clubs; school and college sponsored classes, programs, and activities; therapeutic riding programs; and operators, instructors, and promoters of equine facilities, including, but not limited to, stables, clubhouses, ponyride strings, fairs, and arenas at which the activity is held. OCGA § 4-12-2 (5).

[4] "Equine professional" means a person engaged for compensation in: (A) Instructing a participant or renting to a participant an equine for the purpose of riding, driving, or being a passenger upon the equine; (B) Renting equipment or tack to a participant; or (C) Examining or administering medical treatment to an equine as a veterinarian. OCGA § 4-12-2 (6).

derkehr appeals,[5] contending that the state court erred in granting Brent and Sweatman summary judgment while contemporaneously acknowledging that genuine issues of material fact otherwise remained.

The state court correctly noted that Wiederkehr had not alleged liability in Brent and Sweatman as equine activity sponsors or equine professionals. Neither did Wiederkehr oppose summary judgment by evidence characterizing Brent and Sweatman as equine activity sponsors or equine professionals. Under these circumstances, we find that the grant of summary judgment was proper and affirm. See *Speir v. Krieger*, 235 Ga. App. 392, 397 (2) (509 SE2d 684) (1998) (on motion for summary judgment under OCGA § 9-11-56, movant defendant may prevail (1) by presenting evidence negating essential element of plaintiff's claims, (2) by showing that there is no evidence in the record supporting essential element of the case, or (3) by showing a complete defense of immunity as in this case, discharge by the moving party, requiring nonmovant plaintiff to point to specific evidence beyond its pleadings giving rise to a triable issue). *Held*:

OCGA § 4-12-3 (a) relieves, among others, persons denominated as an "equine activity sponsor," as an "equine professional," or as "any other person" from liability arising out of risks inherent to participation in equine activities. However, for either equine activity sponsors and equine professionals to have immunity, OCGA § 4-12-4 (c) requires compliance with the duty to warn, i.e., to place clearly visible signage "on or near stables, corrals, or arenas where the equine professional or the equine activity sponsor conducts equine activities," OCGA § 4-12-4 (a), thereby giving individuals participating in equine activities notice of the professional/sponsor's immunity from liability in law for injury or death arising out of such activities. OCGA § 4-12-4 (b). On its face, OCGA § 4-12-4 (c) does not extend to "other persons" engaged in equine activities. Other person immunity from liability is complete notwithstanding the failure to warn of the same. OCGA § 4-12-3 (a); see also *Davis v. Emmis Publishing Corp.*, 244 Ga. App. 795, 799 (536 SE2d 809) (2000) (Eldridge, J., concurring specially) ("Where the meaning of a statute is clear, plain, and unambiguous, the courts must construe it according to its terms. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981); *Atlanta &c. R. Co. v. Wise*, 190 Ga. 254, 255 (1) (9 SE2d 63) (1940).").

---

[5] Wiederkehr originally filed this appeal in the Supreme Court of Georgia, asserting jurisdiction upon the claim that his case involved the constitutionality of a statute. Finding that "the [state] court's order and the underlying briefs reveal[ ] that there was no trial court ruling on a constitutional issue and that the case merely involves the application of the statute to the facts[,]" the Supreme Court transferred the case to this Court for disposition on appeal.

Wiederkehr neither alleged nor tendered evidence showing Brent or Sweatman as equine activity sponsors or as equine professionals who had to have warning signs to trigger immunity; both here enjoyed immunity from any liability for Wiederkehr's injuries as "other persons" engaged in equine activities. Thus, it follows that the grant of summary judgment was proper. "To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991)." *Berry v. Hamilton*, 246 Ga. App. 608 (541 SE2d 428) (2000); *Speir v. Krieger*, supra.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED MARCH 15, 2001.

*Robert P. McFarland*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, David F. Root, Kimberly P. Murphy, Savell & Williams, John C. Parker, Lisa J. Bucko*, for appellees.