A00A2516. CHANEY v. BLACKSTONE et al.
(547 SE2d 340)

POPE, Presiding Judge.

Ray Chaney sued W. Kenneth Blackstone and his professional corporation, Law Office of William Kenneth Blackstone, P.C. (collectively "Blackstone") for legal malpractice.[1] Chaney appeals following the grant of summary judgment to both defendants, claiming that material issues of disputed fact preclude summary judgment. We agree and reverse.

This legal malpractice action arose from the vestiges of a personal injury suit that began on February 22, 1995, when an oncoming vehicle driven by Jerry Quinn struck Chaney's vehicle head-on, seriously injuring Chaney. During subsequent investigations of that collision, Chaney and Quinn told law enforcement authorities and insurance investigators that just before impact, an unidentified driver proceeding ahead of Chaney had moved into Quinn's lane, forcing Quinn off the road. When Quinn attempted to reposition his vehicle into the proper lane, his vehicle swerved directly into Chaney's path.

Quinn had a $25,000 liability insurance policy with Georgia

---

[1] Although Chaney also sued John B. Brewer III, Lamar Elder, Jr., and Russell Gillis, he later agreed to their dismissal with prejudice.

Farm Bureau, while Chaney had two separate uninsured motorist policies with Cotton States for $15,000 each. Chaney's medical expenses were in excess of $27,000. After Chaney was unable to obtain payment from Georgia Farm Bureau, he retained attorney Russell Gillis. Gillis contacted both insurance companies but mistakenly believed that $15,000 was the policy limit with Cotton States. When Gillis inquired about the uninsured motorist coverage, Cotton States denied having any liability and refused to pay anything. Meanwhile, Georgia Farm Bureau steadfastly refused to offer more than $15,000 in settlement, adopting the stance that the phantom driver had caused the collision and not Quinn.

Chaney declined Georgia Farm Bureau's final offer of $15,000, feeling it would be "stupid on my part" to accept an amount that "wasn't enough to even take care of my doctor bills." Chaney told Gillis he would not settle with Georgia Farm Bureau for less than $100,000. Gillis testified that Chaney told him that he "would like to obtain $100,000 from the suit."

When Gillis filed the personal injury action in June 1996, the complaint named only Quinn as defendant and did not designate a John Doe defendant to represent the phantom driver. And Gillis did not serve Cotton States with a copy of the complaint and summons. Prior to trial, for reasons unrelated to the case, Gillis withdrew. Kenneth Blackstone and John B. Brewer III then assumed complete responsibility for Chaney's case. When Blackstone and Brewer replaced Gillis on February 11, 1997, the two-year statute of limitation for tort claims had not yet run. But Blackstone and Brewer did not take any action to assert a claim against the phantom driver or against Cotton States.

The jury returned a defense verdict, effectively absolving Quinn. The day after the verdict, Chaney spoke with his local Cotton States agent, Dennis Cain, who suggested that he contact Cotton States to file for uninsured motorist coverage. Chaney testified that when he contacted a Cotton States representative, a "gentleman in Atlanta," he was advised, "[y]ou must have the stupidest lawyer in the world." When Chaney asked why, he was told, "[t]hey forgot to file your uninsured motorist, and you've got 30,000 dollars laying [sic] here that they did not ask for."

Chaney subsequently filed his malpractice complaint. In the malpractice affidavit accompanying the complaint, Chaney's expert testified that the "[f]ailure to pursue an available source of recovery is negligence, unless the client directs otherwise and then only if the client is fully informed of all potential sources." The expert testified that in his opinion, Chaney's legal counsel had performed negligently by failing to name a John Doe defendant and to serve Cotton States with process, either in the original complaint, through amendment,

or by dismissing and refiling the complaint. He also stated that Chaney's attorneys were negligent in allowing the statute of limitation to expire on the claim against Cotton States.

Blackstone filed for summary judgment, arguing that the decision not to seek coverage from Cotton States was a tactical one based on the exercise of professional judgment. Blackstone further asserted that under the doctrine of judgmental immunity, judgment was mandated as a matter of law.

In awarding summary judgment to Blackstone, the trial court found no material issue in dispute. The trial court held as a matter of law that Chaney had directed his attorneys to pursue nothing short of a $100,000 recovery and that Blackstone had determined to pursue Georgia Farm Bureau on a bad faith claim to achieve that goal. The trial court observed,

> [m]aking a claim against Plaintiff's uninsured motorist carrier for the alleged negligence of the driver of the phantom vehicle would have negated any bad faith claim against the insurer of the known Defendant, because that would have been an admission by Plaintiff that the known Defendant's liability for the collision was in doubt.

Finding that counsel did not deviate from the applicable standard of care, and citing the doctrine of judgmental immunity, the trial court granted Blackstone's motion.

The plaintiff in a legal malpractice action must establish three elements: "(1) employment of the defendant attorney, (2) failure of the attorney to exercise ordinary care, skill and diligence, and (3) that such negligence was the proximate cause of damage to the plaintiff." (Citations and punctuation omitted.) *Perry v. Ossick*, 220 Ga. App. 26, 28-29 (467 SE2d 604) (1996). Therefore, Chaney has the burden of demonstrating that Blackstone's performance fell below the applicable standard of care. Here, Chaney's expert testified that it is negligent for an attorney to fail to pursue an available source of recovery unless the client is fully informed of all potential sources and directs the attorney not to pursue that source. And in his deposition, Blackstone agreed that it would fall below the applicable standard of care for an attorney not to pursue an available source of recovery if he failed to discuss the matter with his client.

Chaney asserts that Blackstone's failure to assert a claim against the phantom driver or to serve his uninsured motorist carrier constituted a failure to exercise ordinary care, skill, and diligence under the facts of this case. And Chaney contends that in granting summary judgment, the trial court failed to construe conflicting evidence in his favor and, consequently, erred in finding as an undis-

puted fact that he told his counsel that he was interested only in obtaining a $100,000 recovery from Georgia Farm Bureau, to the exclusion of his uninsured motorist coverage.

Instituting an action against a John Doe defendant, and serving the uninsured motorist carrier with a copy of the complaint and summons, enables a plaintiff to obtain judgment against an uninsured motorist insurance carrier based on the negligence of an unknown motorist. OCGA § 33-7-11 (d); *Utica Mut. Ins. Co. v. Chasen*, 187 Ga. App. 796, 797 (371 SE2d 448) (1988). See *Smith v. Doe*, 189 Ga. App. 264, 265-266 (3) (375 SE2d 477) (1988).

Under the law applicable at the time of Chaney's lawsuit,

> it was "judicially recognized as the responsibility of all plaintiffs to serve their uninsured motorist carriers in *every* action arising out of *every* motor vehicle incident" . . . regardless of whether it appeared that the tort-feasor was or would become an uninsured motorist.

(Punctuation and footnote omitted; emphasis in original.) Jenkins & Miller, Ga. Auto. Ins. Law Including Tort Law (1998 ed.), § 33-5. See *Bohannon v. J. C. Penney Cas. Ins. Co.*, 259 Ga. 162, 163 (377 SE2d 853) (1989). This is because prior to a 1998 amendment to the Uninsured Motorist Statute, Georgia law required that the uninsured motorist carrier had to be served within the time allowed for valid service on the defendant in the tort action. Id.; *Vaughn v. Collum*, 236 Ga. 582 (224 SE2d 416) (1976). Therefore, the statute of limitation began to run on the uninsured motorist claim from the time of the accident and not from the time it was legally determined that the negligent motorist was uninsured. *Bohannon*, 259 Ga. at 163.

Here, Cotton States had represented that it would not pay under Chaney's uninsured motorist coverage. Because Blackstone failed to take action against the phantom driver or to effectuate service upon Cotton States within the limitation period, Chaney forfeited his right to obtain uninsured motorist coverage. *Bohannon*, 259 Ga. at 163. The question thus becomes whether this decision was made with Chaney's informed knowledge and consent.

When viewed in the light most favorable to Chaney as the non-movant, the evidence is conflicting as to whether Chaney was informed of his options or that he directed his attorneys to pursue a $100,000 recovery with a full understanding of the ramifications of such a direction. Chaney, who has an eleventh grade education, admittedly had little understanding of insurance. He testified, "I left everything pretty well up to my attorneys to handle everything, because they knew what [was] supposed to be done, and I did not."

Chaney denied ever discussing an uninsured motorist claim

against Cotton States with any of his attorneys. And Chaney denied ever discussing with Blackstone or Brewer the possibility of asserting a claim against the phantom driver. Chaney apparently believed that he had no claim against the unknown driver because no one knew the person's identity or how to contact such person. Although both Blackstone and Brewer testified that they did discuss these issues with Chaney, this testimony serves only to create an issue of fact and does not conclusively establish that Chaney made an informed decision to forfeit his uninsured motorist coverage. "Where, as here, the facts, as testified to by the parties, create a conflict in the evidence as to a material issue, summary judgment is precluded." (Citation and punctuation omitted.) *Contract Harvesters v. Mead Coated Bd.*, 239 Ga. App. 853, 856 (2) (522 SE2d 260) (1999).

The evidence does show that Chaney refused to settle for $15,000 with Georgia Farm Bureau and that he did not want to settle with that insurance company for less than $100,000. Moreover, Chaney signed a document acknowledging that by refusing Georgia Farm Bureau's offer, he ran the risk of recovering no damages in his lawsuit if the jury found in favor of Quinn.[2]

But that evidence does not prove without dispute that Chaney was fully informed of his options before rejecting the settlement offer or before expressing his desire to obtain $100,000. Nor does the evidence clearly establish that Chaney intended to pursue only Quinn and Georgia Farm Bureau to the exclusion of his own uninsured motorist coverage.

Accordingly, an issue of material fact exists as to whether Blackstone informed Chaney of his potential claim against the phantom driver and his ability to obtain uninsured motorist coverage. This issue also impacts upon Blackstone's claim of judgmental immunity, because in asserting that defense Blackstone relies upon Chaney's objective of achieving a $100,000 recovery, and a question exists as to whether Chaney made an informed decision to pursue that objective. Therefore, a jury issue exists as to whether Blackstone's pursuit of an all or nothing strategy against Quinn and Georgia Farm Bureau constituted a deviation from the standard of ordinary care under the circumstances. See generally *Freeman v. Pittman*, 220 Ga. App. 672 (469 SE2d 543) (1996); *Huntington v. Fishman*, 212 Ga. App. 27 (441 SE2d 444) (1994); *Little v. Middleton*, 198 Ga. App. 393 (401 SE2d 751) (1991).

*Judgment reversed. Miller and Mikell, JJ., concur.*

---

[2] This acknowledgment also read, "[a]ddditionally, I understand that by rejecting any offer to settle the above-styled case [*Chaney v. Quinn*], I run the risk of receiving absolutely no money for my damages if the jury reaches a verdict in favor of the Defendant."

DECIDED MARCH 21, 2001 —
RECONSIDERATION DENIED APRIL 12, 2001

*Vincent D. Sowerby*, for appellant.
*Dillard & Bower, Terry A. Dillard, Bryant H. Bower, Jr., Scott C. Crowley*, for appellees.

