Kenneth L. CULVER, Plaintiff–Appellant,

v.

William SAMUELS, Defendant–Appellee.

No. 00CA2297.

Colorado Court of Appeals,
Div. A.

Nov. 8, 2001.

**536**

Law Offices of J.E. Losavio, J.E. Losavio, John K. Priddy, Pueblo, CO, for Plaintiff–Appellant.

Shaw & Quigg, P.C., Linda McMillan, Pueblo, CO, for Defendant–Appellee.

Johnson Law Firm, Peter M. Johnson, Andrew R. Johnson, Denver, CO, for Amicus Curiae Colorado Horse Council.

Opinion by Judge CRISWELL.*

Plaintiff, Kenneth L. Culver, sued defendant, William Samuels, for personal injuries he suffered when he was thrown off a horse owned by defendant. The district court entered judgment for defendant, concluding that plaintiff's claim was barred by § 13–21–119(3), C.R.S.2001. Plaintiff appeals from that judgment, and we affirm.

Both plaintiff and defendant were members of a calf-roping club. Plaintiff alleged that he agreed to ride a horse owned by defendant only after being assured by defendant that the horse was gentle. However, he alleged that, after mounting and riding the horse, he was thrown or bucked off.

At the close of plaintiff's evidence, the trial court concluded that § 13–21–119(3) applied to plaintiff's claim and that none of the exceptions to the protections offered by that statute were present. Hence, it directed a verdict for defendant and entered judgment on that verdict.

Section 13–21–119(3) provides, in relevant part, that:

an equine activity sponsor, an equine professional, ... a doctor of veterinary medicine, or *any other person,* which shall include a corporation or partnership, shall not be liable for an injury to or the death of a participant resulting from the inherent risks of equine activities .... (emphasis supplied)

█ Section 13–21–119(4)(b), C.R.S.2001, contains certain exceptions to the broad protection granted by § 13–21–119(3). However, plaintiff does not assert that any of these exceptions are applicable here.

It is also agreed that defendant is not an "equine activity sponsor," an "equine professional," or a "doctor of veterinary medicine" as those terms are defined by § 13–21–119(2), C.R.S.2001. Hence, the statute is applicable to protect defendant against liability in this case only if he is "any other person" within the meaning of § 13–21–119(3).

Plaintiff argues that defendant is not "any other person" under the statute because that term must be taken to apply only to a specific class of individuals and organizations that sponsor equine activities and not to individual owners of horses. We disagree.

█ The interpretation of a statute is a question of law, which we review *de novo.* *See Ryals v. St. Mary–Corwin Reg'l Med. Ctr.,* 10 P.3d 654 (Colo.2000). In construing statutes, we must give effect to the intent of the General Assembly. *See Town of Superior v. Midcities Co.,* 933 P.2d 596 (Colo.1997). We first look to the statutory language, giving words and phrases their commonly accepted and generally understood meaning. *Bertrand v. Bd. of County Comm'rs,* 872 P.2d 223 (Colo.1994). If the language of a statute is plain and the meaning is clear, we need not resort to interpretive rules of statutory construction, but we simply apply the statute as written. *Town of Superior v. Midcities Co., supra.*

█ The word "person" means an "individual human being." *See Webster's Third New International Dictionary* 1686 (1968). Defendant clearly falls within this definition.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.

Moreover, as a horse owner and rider and a member of the roping club, defendant appears to fall squarely within the intended coverage of § 13–21–119, C.R.S.2001, which seeks to encourage equine activities and to limit the civil liability of those involved in such activities.

If, as plaintiff urges, the General Assembly intended to provide protection only to equine activity sponsors or professionals, the phrase "or any other person" would be rendered meaningless. Ignoring that language would run counter to the principle of statutory construction requiring us to give effect to every word and to avoid a construction that renders any term superfluous. *See Cherry Hills Resort Dev. Co. v. City of Cherry Hills Village,* 790 P.2d 827 (Colo.1990).

While the phrase "any other person" may not literally apply to every person in the world, *see Nielson v. AT & T Corp.,* 597 N.W.2d 434 (S.D.1999)(substantially identical statute held not to apply to public utility that dug ditch into which horse rider fell), nevertheless, we are convinced that that term was intended to include owners of horses who allow their use, whether or not for profit, for equine activities.

This conclusion finds support in appellate decisions from other states that, like Colorado, have adopted equine activity immunity statutes containing substantially similar language. *See Wiederkehr v. Brent,* 248 Ga. App. 645, 548 S.E.2d 402 (2001) (individuals who permitted plaintiff to ride horse were "other persons" engaged in equine activities and were, therefore, entitled to immunity from liability for plaintiff's injuries); *Gautreau v. Washington,* 672 So.2d 262 (La.Ct.App.1996)(actual participant in equine activity fell within "any other person" clause in the statute and, thus, was entitled to immunity).

Finally, we are unpersuaded by plaintiff's attempt to analogize § 13–21–119 to statutes providing immunity for injuries arising from other activities, such as skiing, § 33–44–101, et seq., C.R.S.2001, or attending professional baseball games, § 13–21–120, C.R.S.2001. Those statutes contain language entirely different from that found in § 13–21–119(3). Because the alleged negligence here did not fall within any of the statutory exceptions, judgment was required to be entered in defendant's favor.

The judgment is affirmed.

Chief Judge HUME and Justice ERICKSON concur.