A06A1381. CHATHAM ORTHOPAEDIC SURGERY CENTER, LLC et al. v. WHITE.
(640 SE2d 633)

BERNES, Judge.

Appellants, a group of orthopedic surgeons, filed the instant legal malpractice action against G. Mason White, the attorney who represented them in a lawsuit that was dismissed based on White's failure to timely file the written verifications required by OCGA § 9-11-11.1 (b). They appeal the trial court's grant of summary judgment to White and the denial of their motion for reconsideration. For the reasons that follow, we affirm in part and reverse in part.

Summary judgment is proper if the pleadings and evidence show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). "On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant." *McCaskill v. Carillo*, 263 Ga. App. 890 (589 SE2d 582) (2003).

So viewed, the record shows that White represented the appellant surgeons in their claim for tortious interference with business relations against a hospital association. The hospital association subsequently moved to dismiss the lawsuit on the ground that the complaint had not been verified as required by Georgia's "Anti-Strategic Lawsuits Against Public Participation" statute, OCGA § 9-11-11.1 (the "anti-SLAPP statute").

The anti-SLAPP statute provides, in relevant part, that a written verification of the party and its attorney of record must be filed contemporaneously with a pleading containing any claim arising from an act which could reasonably be construed as an act in furtherance of free speech or petition. OCGA § 9-11-11.1 (b). If the verifications are not contemporaneously filed, the statute mandates that the claim shall be stricken unless amendment with the proper verifications is made within ten days after the omission is called to the attention of the party asserting the claim. Id.

In response to the hospital association's motion, White did not verify the complaint within the ten-day period allowed under the anti-SLAPP statute. Rather, he elected to voluntarily dismiss the complaint approximately two months later. Thereafter, White refiled the complaint as an attempted renewal action with the required verifications. However, because the original action had not been verified within the ten-day period, the trial court dismissed the attempted renewal action, a decision which we affirmed in *Chatham Orthopaedic Surgery Center v. Ga. Alliance of Community Hosps.*, 262 Ga. App. 353 (585 SE2d 700) (2003). Specifically, we held that appellants could not voluntarily dismiss and refile their lawsuit because their failure to timely verify the original lawsuit within the ten-day period constituted a nonamendable defect, which had required automatic dismissal with prejudice of the original lawsuit under OCGA § 9-11-11.1 (b). Id. The Supreme Court of Georgia denied certiorari review.

Appellants then filed the instant malpractice action. They contended that White breached his duty of care by failing to file a verified complaint in the original lawsuit in accordance with OCGA § 9-11-11.1 (b),[1] and by failing to cure the defect by amending the complaint with the required verifications within the ten-day period. They also contended that White breached his duty of care by failing to advise them of the potential risks associated with not verifying the complaint. The trial court granted summary judgment in favor of White and subsequently denied appellants' motion for reconsideration. Appellants now appeal.

---

[1] Appellants' malpractice claim fails to the extent that it may be construed as alleging that White was negligent in his initial failure to recognize that the anti-SLAPP statute applied, and, thus, in his failure to comply with the verification requirement at the outset of the original lawsuit. White's initial failure did not prejudice appellants' lawsuit in light of the ten-day amendment provision allowed under the statute, and, as a result, cannot serve as the basis for a legal malpractice claim. See OCGA § 9-11-11.1 (b). See, e.g., *Allen Decorating v. Oxendine*, 225 Ga. App. 84, 88 (2) (483 SE2d 298) (1997) (ruling that "[w]here the causes of action underlying the malpractice claim remain pending, plaintiff cannot prove the required element of damage" to support the legal malpractice claim) (punctuation omitted).

1. Appellants contend that the trial court erred in granting summary judgment to White because they presented evidence that White breached his duty of care by failing to verify the complaint within the ten-day period enunciated in OCGA § 9-11-11.1 (b) and instead choosing to dismiss the complaint and refile it later as a renewal action. We disagree.

"In order to prevail on a claim for legal malpractice[,] the client has the burden of establishing three elements: (1) employment of the defendant attorney, (2) failure of the attorney to exercise ordinary care, skill and diligence, and (3) that such negligence was the proximate cause of damage to the plaintiff." (Citations and punctuation omitted.) *Hudson v. Windholz*, 202 Ga. App. 882, 886 (3) (416 SE2d 120) (1992). As a matter of principle, "a breach of duty arises only when the relevant . . . legal principles or procedures *are well settled and their application clearly demanded, and the failure to apply them apparent.*" (Citation and punctuation omitted; emphasis in original.) *Jones, Day, Reavis & Pogue v. American Envirecycle*, 217 Ga. App. 80, 83-84 (2) (456 SE2d 264) (1995).

Our review of the applicable statutes and caselaw establish that, at the time of the original lawsuit, Georgia law was unsettled as to the effect of a dismissal in cases where written verifications had not been filed within the ten-day period mandated by the anti-SLAPP statute.[2] Indeed, the provisions of OCGA § 9-11-11.1 (b) merely state that if the claim is not timely verified, "it shall be stricken," without specifying whether dismissal is with or without prejudice. The only two cases that addressed the issue at the time were *Davis v. Emmis Publishing Corp.*, 244 Ga. App. 795 (536 SE2d 809) (2000) and *Browns Mill Dev. Co. v. Denton*, 247 Ga. App. 232 (543 SE2d 65) (2000). In *Davis*, 244 Ga. App. at 798 (3), this Court held that the failure to verify the complaint after expiration of the ten-day period was a *nonamendable* defect, implying that any dismissal would be with prejudice. We held to the contrary in *Browns Mill*, 247 Ga. App. at 236 (1) (c), where this Court stated that plaintiffs who fail to verify their complaint as required by OCGA § 9-11-11.1 (b) "risk their complaint being stricken or dismissal *without prejudice.*" (Emphasis supplied.) Thus, it was unsettled whether White's voluntary dismissal of the original lawsuit, which occurred after the ten days for filing the verifications had expired, would be treated as with prejudice upon an attempted refiling of the complaint.

Because the law on the issue was not settled, clear, or widely recognized at the time of the original lawsuit, White is insulated from

---

[2] In fact, the state of the law on this issue remains unsettled. See *Walden v. Shelton*, 270 Ga. App. 239, 241-242, n. 2 (606 SE2d 299) (2004).

liability. See *Littleton v. Stone*, 231 Ga. App. 150, 151-152 (1) (497 SE2d 684) (1998); *Jones, Day, Reavis & Pogue*, 217 Ga. App. at 83-84 (2). Accordingly, the trial court's grant of summary judgment in favor of White on this ground was authorized.[3]

2. Appellants also argue that the trial court erred in granting summary judgment to White on their additional theory that White breached his duty by failing to advise them about the potential risks associated with not verifying the complaint within the ten-day period. The trial court concluded that appellants never alleged in their complaint or in their portion of the pretrial order that they were harmed by White's alleged failure to advise them. The trial court further stated that it had considered the entire record, including the appellants' expert affidavit, and found that no breach of the standard of care had occurred as a matter of law. We agree with appellants and conclude that the trial court erred in granting summary judgment on this particular claim.

As an initial matter, we disagree with the trial court's conclusion that appellants failed to properly allege in their complaint and in the pretrial order that they had been harmed by White's failure to advise them. During the pendency of the motion for summary judgment, appellants filed the expert affidavit of Timothy P. Terrell, who opined that White committed legal malpractice by failing to adequately advise his clients and harmed them as a result. By doing so, appellants effectively supplemented the initial expert affidavit they had filed with their malpractice complaint[4] such that their complaint now stated an additional claim predicated on White's failure to adequately advise them. See *Bhansali v. Moncada*, 275 Ga. App. 221, 226-228 (2) (620 SE2d 404) (2005). As to appellants' portion of the pretrial order, we have reviewed its contents and conclude that, when construed liberally, it alleges that White's failure to adequately advise the appellants caused them harm. See *Echols v. Bridges*, 239 Ga. 25, 27 (235 SE2d 535) (1977) ("A pre-trial order should be liberally construed to allow the consideration of all questions fairly within the ambit of contested issues.") (citation and punctuation omitted). Consequently, we conclude that appellants timely and sufficiently alleged that they were harmed by White's failure to adequately advise them.

---

[3] Appellants also claim that White acted unreasonably by failing to research the verification issue beyond reading the text of the statute. But, even if White had conducted additional research, he would simply have located the conflicting opinions of *Davis* and *Browns Mill*, which would not have provided him with a clear resolution of the issue. See *Jones, Day, Reavis & Pogue*, 217 Ga. App. at 84 (2).

[4] Appellants had already complied with OCGA § 9-11-9.1 (a) by filing the expert affidavit of Paul D. Hermann with their complaint.

We likewise disagree with the trial court's conclusion that appellants failed to present sufficient evidence that White breached the standard of care. Appellants contended that White breached the standard of care by never advising them about the potential risks associated with not verifying the complaint within the ten-day period, given the conflicting case law on the issue. In support of their contention, appellants relied on the deposition testimony of Dr. James Holtzclaw, who served as White's principal contact with the appellant group of physicians. In his deposition testimony, Dr. Holtzclaw indicated that White had failed to explain to him that there was a conflict in the law and thus potential risks involved in not complying with the verification requirement within the ten-day period. This testimony raised a genuine issue of material fact as to whether White breached his duty of ordinary care by failing to fully advise appellants about the potential risks involved in not complying with the verification requirement. See *Chaney v. Blackstone*, 249 Ga. App. 194, 197-198 (547 SE2d 340) (2001). The trial court erred in ruling otherwise.

White also contends on appeal that summary judgment was proper because appellants did not present any evidence showing that they were harmed by White's failure to advise them. However, White did not raise this issue as a basis for summary judgment in the proceedings below. As such, appellants were not required to produce evidence on this issue of harm in order to survive summary judgment. See *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 690 (1) (458 SE2d 876) (1995).

For these reasons, we conclude that appellants presented evidence creating a genuine issue of material fact over whether White breached the applicable standard of care by failing to advise appellants about the potential risks associated with not verifying the complaint within the ten-day period. We thus reverse the trial court's denial of appellants' motion for reconsideration and the grant of summary judgment as to this claim.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 29, 2006 —
RECONSIDERATION DENIED DECEMBER 15, 2006 —

*Savage, Turner, Pinson & Karsman, Brent J. Savage*, for appellants.

*Tucker, Everitt, Long, Brewton & Lanier, Benjamin H. Brewton,* for appellee.